[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE THIRD PARTY COMPLAINT
INTRODUCTION
The third party complaint in the captioned matter ("third party complaint") alleges the following matters which are CT Page 13489 relevant to this motion:
 On February 23, 1999, a car ("plaintiff's car") was involved in a one-car accident (the "accident") while being driven by the defendant's decedent ("Abbott");
 In the underlying complaint in this case ("underlying complaint") the plaintiff alleges that Abbott was responsible for injuries suffered by the plaintiff in the accident;
The plaintiff's car was not insured at the time of the accident.
 The third party defendant is in the business of repairing automobiles in Connecticut;
 Before the accident, the third party defendant had given permission to the plaintiff to use the third party defendant's dealer plates on the plaintiff's car, and they were so used at the time of the accident;
 Pursuant to § 14-60 (a) of the General Statutes (the "statute") the third party defendant is liable to the plaintiff for the injuries sustained by him in the accident, and the third party defendant is also liable to the defendant for indemnification and/or contribution and attorneys fees.
The statute states, in relevant part:
 If the person to whom the dealer or repairer loaned the motor vehicle or the number plate did not, at the time of such loan, have in force any such liability and property damage insurance, such person and such dealer or repairer shall be jointly liable for any damage to any person or property caused by the operation of the loaned motor vehicle or a motor vehicle on which the loaned number plate is displayed.
DISCUSSION
The motion to strike is based on the third party defendant's claim that the statute makes a dealer liable for damage caused by a car bearing loaned dealer's plates only to third parties, and not to the borrower of the plates. The statute makes the lending dealer "jointly" liable with the borrower of the plates. Since the borrower cannot be liable to himself or herself for damage caused by the car bearing the borrowed plates, the dealer cannot CT Page 13490 be jointly liable with the borrower to the borrower.
CONCLUSION
The motion to strike is granted.
G. Levine, J.